McKinney, J.,
delivered the opinion of the Court.
The questions in this cause arise upon the construction of portions of the Will of Jonathan Tipton, deceased.
The first question is upon the following clause, viz:— “ I do hereby give and bequeath to my wife, Margaret Tipton, the amount of estate and property I got with her in marriage, that I now have in possession, or will be at my death: Burrell, Rose, Sophy and her three children, Minerva, Lucy and Simon, and all the property of every description, that I'got with her in marriage. Also, half of the tract of land whereon I now live, containing 640 acres, to be laid off at the lower end, to suit her convenience, to include half the cleared land, and all the buildings, her lifetime.”
After making the Will, and before the death of the testator, the woman, Minerva, named in the Will, gave *254 birtb to two children, Maria and Gilbert; and the woman, Sophy, named in said Will, gave birth to a child, named Montgomery.
Upon this clause -of the Will, we are of opinion, that, the three children born after the date of the Will, passed to the widow, together with the other slaves specifically named, and that she took them all absolutely, and not for life only, as held by the Chancellor. The limitation of a life interest in the real estate, devised in the following member of the clause, has no reference to the preceding bequest of the slaves.
2d. The next question is upon the following bequest to the widow: “also, the amount of the following notes John Stephens, $298; Robert Porter’s note, $488; Ruth & Lillard’s, $385.”
After the execution of the Will, the testator transferred the above mentioned note on Ruth & Lillard, to his son, J. C. Tipton, taking the note of the latter for the amount of said note; and this note of J. C. Tipton’s, remained amongst the valuable papers of tire testator, at his death.
The question is, was this an ademption, so far as regards the note on Ruth & Lillard.
The solution of this question depends upon whether the legacy is to be regarded as general or specific. The rule of ademption does not apply to general or demonstrative legacies, that is, to legacies of so much money, with reference to a particular fund for payment, as if the legacy be given out of a particular stock, or debt; for in such case, although the particular fund be not in existence at the testator’s death, the legatee will be entitled to satisfaction out of the general estate. But if a bond, or note, or debt be specifically bequeated, and it be cok *255 lected or disposed of by the testator, after the making of the Will, it will be an ademption of the legacy: the subject of the legacy is extinguished, and nothing remains to which the words of the Will can apply: See 2 Williamson on Ex’rs., 820; Id., 741.
According to the weight of authority, the bequest in the present instance, was a specific bequest of the notes or debts induced thereby; consequently, the disposition of the note on Ruth & Lillard, by the testator, in his lifetime, was an ademption pro tanto.
3d. The word “children,” in its legal signification does not include “ grandchildren.” But it may be held to include grandchildren, where there is an ambiguity in the Will, and the manifest intention of the Will cannot otherwise be satisfied: 2 Jorman on Wills, ch. 31, and notes; 2 Williamson on Ex’rs., 717, et leg. Taking the codicil and the Will together, it is perfectly clear, that, by the word “children,” in the body of the Will, the testator intended to include the children of his deceased son and daughter; the codicil demonstrates this beyond all question; and upon any other construction the codicil is rendered wholly inoperative.
The children of Sarah Wilkinson, (daughter of testator,) will take by representation, the interest of their deceased parents ; and George B. Tipton, (testator’s grandson,) will take, under the codicil, a share equal to the slwe of each one of the Wilkinson grandchildren.
The decree will be modified accordingly.